UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA NARANJO, Individually and as Successor-in-Interest to JOSE I.V. NARANJO, Deceased, CARLA SILVA-NARANJO, Individually, LUIS R. NARANJO, Individually, GRISELDA I. NARANJO, Individually, ARACELI GONZALEZ-NARANJO, Individually, JOSE M. NARANJO, Individually, and OSCAR N. NARANJO, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> CRGTS, INC., a Washington corporation, and CONTINENTAL DIVIDE INSURANCE COMPANY, a California corporation, CARLOS GONZALEZ, an Individual, and JOSE R. INZUNZA, an Individual, <br><br> Defendants. | NO. 1:21-CV-3142-TOR <br><br> ORDER GRANTING DEFENDANT CDIC'S MOTION TO DISMISS |

BEFORE THE COURT are Plaintiffs' Motion to Enjoin Collateral

Proceeding (ECF No. 8) and Defendant CDIC's Motion to Dismiss or

Alternatively to Transfer Venue (ECF No. 14).  These matters were submitted for

ORDER GRANTING DEFENDANT CDIC'S MOTION TO DISMISS ~ 1

1    consideration without oral argument.  The Court has reviewed the record and files

2    herein, and is fully informed.  For the reasons discussed below, Defendant CDIC's

3    Motion to Dismiss or Alternatively to Transfer Venue (ECF No. 14) is granted,

4    which moots Plaintiffs' Motion to Enjoin Collateral Proceeding (ECF No. 8).

5                                              **BACKGROUND**

6            This case arises out of an insurance coverage dispute following a fatal

7    commercial trucking accident near Yakima, Washington.  ECF No. 2 at 21, ¶ 3.1.

8    Plaintiffs are family members of the decedent and residents of Washington and

9    California.  *See id.* at 19, ¶¶ 1.1-1.8.  Defendant CRGTS, Inc. is a resident of

10   Washington, Defendant Gonzalez is a resident of California, Defendant Inzunza is

11   a resident of Arizona, and Defendant Continental Divide Insurance Company

12   ("CDIC") is a resident of Colorado and Nebraska.  *Id.* at 19-20, ¶¶ 1.6-1.12.

13           On December 22, 2015, CRGTS employee Mr. Inzunza attempted to take a

14   left turn onto a highway with a commercial semi-trailer truck but stopped in the

15   median, partially blocking the left lane.  ECF No. 2 at 21-22, ¶¶ 3.4-3.6.  The

16   decedent collided with the CRGTS semi-trailer, and sustained injuries that resulted

17   in his death.  *Id.* at 22, ¶ 3.6.  At the time of collision, CRGTS was insured under a

18   trucker coverage policy issued by CDIC.  *Id.* at 21, ¶ 3.2.

19           On October 10, 2017, Plaintiffs filed a wrongful death suit against CRGTS

20   and Mr. Inzunza in Superior Court of the State of California.  ECF No. 2 at 22, ¶

ORDER GRANTING DEFENDANT CDIC'S MOTION TO DISMISS ~ 2

1   3.8.  The jury awarded Plaintiffs a judgment in the amount of $7,619,000.  ECF

2   No. 2 at 2, ¶ 2.

3       On August 3, 2021, Plaintiffs filed the present suit in Yakima County

4   Superior Court in Washington.  ECF No. 1 at 14.  On August 9, 2021, Plaintiffs

5   filed the operative amended complaint seeking a declaratory judgment under RCW

6   7.24.020 that CDIC owes defense and indemnity coverage obligations to CRGTS

7   and Mr. Inzunza for claims asserted against them in the underlying lawsuit.  ECF

8   No. 2 at 25, ¶¶ 6.1-6.2.  On October 26, 2021, CDIC removed the action to this

9   Court.  ECF No. 1 at 1.

10                              **DISCUSSION**

11      **A.  Motion to Dismiss Standard**

12      "After the pleadings are closed – but early enough not to delay trial – a party

13   may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  In reviewing a

14   Rule 12(c) motion, the court "must accept all factual allegations in the complaint

15   as true and construe them in the light most favorable to the non-moving party."

16   *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  "Analysis under Rule

17   12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both

18   rules, a court must determine whether the facts alleged in the complaint, taken as

19   true, entitle the plaintiff to a legal remedy."  *Chavez v. United States*, 683 F.3d

20   1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted).

ORDER GRANTING DEFENDANT CDIC'S MOTION TO DISMISS ~ 3

1       While the plaintiff's "allegations of material fact are taken as true and

2   construed in the light most favorable to the plaintiff" the plaintiff cannot rely on

3   "conclusory allegations of law and unwarranted inferences … to defeat a motion to

4   dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399,

5   1403 (9th Cir. 1996) (citation and brackets omitted).  That is, the plaintiff must

6   provide "more than labels and conclusions, and a formulaic recitation of the

7   elements." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).  When

8   deciding, the Court's review is limited to the complaint, documents incorporated

9   into the complaint by reference, and judicial notice.  *Metzler Inv. GMBH v.*

10  *Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc.*

11  *v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

12  **B.  Statutory Standing**

13      CDIC moves to dismiss the amended complaint on the grounds that

14  Plaintiffs lack standing to sue as third parties to the insurance policy.  ECF No. 14

15  at 4-8.  Plaintiffs assert that they have standing where their interests are sufficiently

16  affected by the insurance policy between CDIC and CRGTS.  ECF No. 19 at 7-12.

17  The Court notes the briefing is not clear on the type of "standing" at issue.  *See*

18  ECF Nos. 14, 19.  CDIC clarifies that its motion "is based on Washington contract

19  law."  ECF No. 21 at 2.   Therefore, constitutional standing is not at issue.

20

1    As a federal court sitting in diversity,[1] the Court applies state substantive law

2    and federal procedural law.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

3    Statutory standing is a question of state law.  *See Hinojos v. Kohl's Corp.*, 718

4    F.3d 1098, 1108 (9th Cir. 2013).  A lack of statutory standing is a merits

5    determination that requires dismissal for failure to state a claim.  *Maya v. Centex*

6    *Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011); *Jewel v. Nat'l Sec. Agency*, 673 F.3d

7    902, 907 n.4 (9th Cir. 2011) (noting there is often confusion between constitutional

8    and statutory standing).  Here, Plaintiffs bring a claim for declaratory judgment

9    under RCW 7.24.020.

10    While not briefed by the parties, the Court notes this standing dispute also

11    raises the issue of whether Plaintiffs are the real party in interest under Federal

12    Rule of Civil Procedure 17(a).  A federal court sitting in diversity applies state law

13    in determining the real party in interest.  *Allstate Ins. Co. v. Hughes*, 358 F.3d

14    1089, 1093-94 (9th Cir. 2004).  Whatever doctrine is applied, the result is the

---

[1]    The Court finds the parties are diverse for jurisdictional purposes where

Defendants CRGTS, Gonzalez, and Inzunza's interests align with Plaintiffs'

regarding the dispute over coverage.  *See Scotts Co. v. Seeds, Inc.*, 688 F.3d 1154,

1157 (9th Cir. 2012).

1  same.  Plaintiffs do not have standing nor are they the real party in interest to bring

2  this declaratory judgment action under Washington law.

3          Under Washington's Uniform Declaratory Judgments Act ("UDJA"), an

4  "interested" person or person whose rights, status, or legal relations affected by a

5  contract may have the construction of that contract determined by a court.  RCW

6  7.24.020.  Standing under the UDJA requires (1) an interest "arguably within the

7  zone of interests to be protected or regulated by the statute or constitutional

8  guarantee in question" and (2) an "injury in fact," economic or otherwise.  *Grant*

9  *Cty. Fire Prot. Dist. No. 5 v. City of Moses Lake*, 150 Wash. 2d 791, 802 (2004)

10  (internal citations omitted).

11          Plaintiffs assert they have an interest in the coverage dispute between CDIC

12  and CRGTS.  In cases such as this, either the insured or insurer bring declaratory

13  actions to determine issues of coverage as parties to the contract.  *See, e.g.*,

14  *Farmers Ins. Co. of Washington v. Vue*, 151 Wash. App. 1005 (2009)

15  (unpublished) ("The usual procedural posture for these third party claims is that the

16  injured third party takes a judgment against the insured and agrees not to execute

17  in exchange for the assignment of any claims that the insured may have against his

18  own insurance company."); *cf. Bench v. State Auto. & Cas. Underwriters, Inc.*, 67

19  Wash. 2d 999, 1000 (1965) (Action brought by insured dismissed where insured

20  previously assigned claim to a third party.).  At best, third party claimants without

ORDER GRANTING DEFENDANT CDIC'S MOTION TO DISMISS ~ 6

1    an assignment have the right to defend against a declaratory judgment.  *Trinity*

2    *Universal Ins. Co. v. Willrich*, 13 Wash. 2d 263, 271 (1942); *Vue*, 151 Wash. App.

3    1005; *cf. Glandon v. Searle*, 68 Wash. 2d 199, 203 (1966) (third party claimants

4    could collaterally attack declaratory judgment in garnishment action).

5           While not directly on point, other Washington third-party claimant cases

6    lend support to the conclusion that Plaintiffs' interests are not within the zone of

7    those meant to be protected.  A party who "is not an intended third party

8    beneficiary of the policy … may not directly sue the insurer for breach of the

9    insurance contract represented by the policy."  *Postlewait Const., Inc. v. Great Am.*

10   *Ins. Companies*, 106 Wash. 2d 96, 99 (1986).  Moreover, third-party claimants

11   without an assignment do not have a direct cause of action against an insurer for

12   bad faith claims under the Consumer Protection Act and denial of coverage claims

13   under the Insurance Fair Conduct Act.  *See Tank v. State Farm Fire & Cas. Co.*,

14   105 Wash. 2d 381, 393 (1986); *Trinity Universal Ins. Co. of Kansas v. Ohio Cas.*

15   *Ins. Co.*, 176 Wash. App. 185, 200-202 (2013).

16          Here, Plaintiffs are not parties to the insurance policy, nor are they third-

17   party beneficiaries or assignees.  No cited case stands for the proposition that third-

18   party claimants such as Plaintiffs may initiate a declaratory judgment action

19   against both the insurer and insured to determine coverage over a contract between

20   Defendants.  The Court concludes Plaintiffs' interests are not within the zone of

1   interests to be protected under Washington law.  Where Plaintiffs lack standing

2   under the UDJA, the Court dismisses the action entirely.  Plaintiffs' motion to

3   enjoin the collateral proceeding is therefore moot.

4   **ACCORDINGLY, IT IS HEREBY ORDERED:**

5       1.  Plaintiffs' Motion to Enjoin Collateral Proceeding (ECF No. 8) is

6           **DENIED as MOOT**.

7       2.  Defendant CDIC's Motion to Dismiss (ECF No. 14) is **GRANTED**.

8       The District Court Executive is directed to enter this Order and judgment

9   accordingly, furnish copies to counsel, and **CLOSE** the file.

10      DATED April 19, 2022.



11

12                          THOMAS O. RICE
                        United States District Judge
13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT CDIC'S MOTION TO DISMISS ~ 8